UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| WILLIE C. MCLEOD, )<br>)<br>    *Plaintiff,* )<br>)<br>v. )<br>)<br>CORRECTIONS CORPORATION OF AMERICA;)<br>WARDEN PAUL L. JENNINGS; ASSISTANT )<br>WARDEN EDWARD J. BALDWIN, JR.; CHIEF )<br>MIKE QUINN; OFFICER E. DUNNIGAN; )<br>COUNSELOR V. IBARGUEN; CHIEF BRIAN )<br>DOSER; UNIT MANAGER JAMES JONES; )<br>INVESTIGATOR M. JOHNSON; GRIEVANCE )<br>COORDINATOR ELIJAH LIGHT; )<br>)<br>    *Defendants.* ) | No. 1:10-cv-183<br>*Chief Judge Curtis L. Collier*<br><br>**Jury Trial** |

**MEMORANDUM AND ORDER**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. §1983 (Court File No. 3). Defendants' have filed their answer to Plaintiff's complaint, amended complaint, and second amended complaint (Court File No. 28). Defendants have raised the affirmative defense that Plaintiff failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act ("PLRA"), i.e., 42 U.S.C. § 1997e(a) (Court File No. 28).

The PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. 42 U.S.C. § 1997(e)(a). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that failure to exhaust administrative remedies is an affirmative defense under the PLRA, and inmates are not required to plead or demonstrate exhaustion in their complaints. *Id.* at 211-212. Thus, the burden is on a defendant to plead and prove the prisoner failed to exhaust his administrative remedies. The Court also held "that

1

exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id*. at 923. Finally, the Supreme Court held that a complaint containing both exhausted and unexhausted claims should not be dismissed in its entirety but rather, the district court should proceed with the exhausted claims while dismissing the unexhausted claims. *Id*. at 218-23.

As the Supreme Court observed, the PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. In that vein, and in order to conserve judicial resources and time, and to narrow the issues for trial, the Court will require Defendants to submit proof, at this time, to support their affirmative defense that Plaintiff did not exhaust his administrative remedies. If there has been a final administrative decision on Plaintiff's grievances, Defendants shall provide a copy of it to this Court as part of their response.

Accordingly, Defendants are **ORDERED** to submit proof to support their affirmative defense that Plaintiff failed to exhaust his remedies. Defendants **SHALL** submit a copy of the relevant written regulations of CCA-Silverdale's grievance policies and procedures, a copy of the document they provided to Plaintiff explaining what procedure he must follow to file a grievance, along with a detailed explanation of the grievance procedure Plaintiff and Defendants followed. In addition, copies of all grievances, appeals, and responses involving Plaintiff's claims **SHALL** be submitted to the Court. Defendants' response **SHALL** include an explanation of the standard procedures for processing inmate grievances, including all available appeals, and specifically noting what procedure they claim Plaintiff failed to follow.

Defendants are **ORDERED** to file their response, including but not limited to, a copy of the written regulations and prison grievance policies and procedures; a copy of the procedure they

provided to Plaintiff; copies of all grievances filed by Plaintiff; the written resolutions to those grievances; and any appeals from adverse decisions by the prison Grievance Board, with the Court on or before **December 20, 2010.**

In summary, should Defendants wish to rely on failure to exhaust administrative remedies, they **SHALL** supplement the record, on or before **December 20, 2010**, with proof demonstrating Plaintiff has actually failed to exhaust his administrative remedies. If they choose not to pursue the affirmative defense of failure to exhaust administrative remedies, they **SHALL** notify the Court immediately upon making that determination, but no later than **December 20, 2010**. Plaintiff **SHALL** file any reply to Defendants' response to this order on or before **January 20, 2011.**

SO ORDERED.

ENTER:

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**